## Henry S. Miller, et al., Plaintiffs in Error, v. Rowland J. Beatty, et al., Defendants in Error.

1. HUSBAND AND WIFE—*profits due to increase of value of the premises, not subject to husband's debts.* Where a wife furnishes funds which her husband uses in purchasing real estate, the profits accumulated from subsequent sales and purchases due to the increase in the value of the premises are not subject to the husband's debts.

Error to the Circuit Court of Tazewell county; the Hon. T. N. GREEN, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912. *Certiorari* denied by Supreme Court (making opinion final).

HENRY MANSFIELD and W. B. COONEY *(Pro Se),* for plaintiffs in error.

J. O. JONES and WILLIAM A. POTTS, for defendant in error.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This bill was originally filed by Jerry Hiett and Harry S. Miller against Rowland J. Beatty and Eleanor F. Beatty, his wife, and Edwin F. Nichols, setting forth a judgment recovered by Jerry Hiett against Rowland J. Beatty and the assignment of the judgment of Hiett to Harry S. Miller.

After alleging no property in the name of Rowland J. Beatty out of which the judgment could be recovered and alleging the return of the execution *nulla bona,* the bill then alleged that Rowland J. Beatty is the owner of and entitled to certain real estate the title to which is held in the name of Eleanor F. Beatty, his wife, alleging that the same is fraudulently held and is the property of Rowland J. Beatty, and object of the bill is to subject that property to the payment of the judgment recovered by Hiett and assigned to Miller. Edwin F. Nichols is made a party defendant

although the title to this property is held by Eleanor F. Beatty, the bill averring that he owns some interest therein.

Answers were filed denying the averments of the bill, and Rowland J. Beatty filed a plea setting forth adjudication of his estate in a bankruptcy court, this plea was permitted to stand by the chancellor so far as protecting Rowland J. Beatty against any personal judgment.

Thereafter W. B. Cooney, trustee in bankruptcy for Beatty, was substituted as complainant. An amended and supplemental bill was filed setting forth other liabilities of Rowland J. Beatty, with reiterations of the same charges as were contained in the original bill. To this answers were filed denying the allegations of this amended and supplemental bill.

The bill admits that Eleanor F. Beatty inherited money from her father's estate, which it is alleged did not exceed three thousand dollars at any one time, and avers fraud and conspiracy on the part of all defendants to defeat payment of the indebtedness of Rowland J. Beatty.

The cause was referred to the Master in Chancery to take evidence and report his conclusions. The report of the Master finds that Eleanor F. Beatty received from her father's estate about four thousand dollars in 1891, that thirty-five hundred of this amount was used in purchasing a farm in Logan County, that this farm was the individual property of Eleanor F. Beatty. That this farm was afterwards sold at a profit and the proceeds invested in a farm in Champaign County, that this farm was also the individual property of Mrs. Beatty; and that Rowland J. Beatty, as the agent of his wife, afterwards sold this property for her at a profit and that these transactions were all made in good faith and that the funds invested therein were the sole and individual property of Eleanor F. Beatty; that after the sale of this Cham-

paign County farm the proceeds were again invested in lands, in Pike and Lee Counties, and that at the time of the commencement of this suit the lands in Pike and Lee Counties were in the name of Eleanor F. Beatty, but that Edwin F. Nichols owned an undivided one-half interest therein in his own right, that the lands were encumbered by a mortgage and the equitable interest of Eleanor F. Beatty therein amounted to about twenty-two thousand dollars.

The Master finds that one-half of the value of these lands, over and above the amount of the proceeds from the sale of the Champaign County land invested therein, is subject to the payment of the claims against Rowland J. Beatty and that the same should be subjected to the payment of this judgment. The Master finds that the amount received from the Champaign County land was sixty-two hundred and forty dollars, that this was the property of Eleanor J. Beatty, but this fund was afterwards invested by Rowland J. Beatty in the purchase and transfer of real estate in the name of his wife, and that the profits and increase in value of this real estate as produced from the same was, at the time of the investment in the land in Pike and Lee Counties, twenty-two thousand dollars, that the balance of the money for the purchase of these farms was furnished by Edwin F. Nichols. The Master reported that these investments were made in good faith and that no actual fraud on the part of Eleanor J. Beatty was committed or that there was any attempt to defeat the creditors of Rowland J. Beatty, but that by virtue of the ruling of the Supreme Court in Wilson v. Loomis, 55 Ill. 352, this property must be held liable to pay debts of Rowland J. Beatty, that while his personal opinion did not conform to the law as laid down in that case, he was compelled to rule in accordance with the holding of the Supreme Court.

Objections were filed to the Master's report by both complainants and defendants, and overruled by him, objections were refiled in the Circuit Court and or-

dered to stand as exceptions in that court; the exceptions of Eleanor F. Beatty were sustained, and complainants' bill was dismissed for want of equity; from that decree appellees prosecute their appeal.

There is not much conflict in the evidence. The record discloses that Rowland J. Beatty had no funds or property to invest in any of these lands, the entire accumulation of this property resulted from the funds provided by Edwin F. Nichols and Eleanor F. Beatty and the increase in value of the lands in which the property was so invested, that every business venture that Rowland J. Beatty entered into, aside from the investing of his wife's funds in real estate, were total financial failures, and that he was wholly insolvent.

The indebtedness for which these judgments were recovered accrued more than forty years ago, they have been kept alive, however, as against Rowland J. Beatty and seem to have been invested in by Miller, assignee, as a speculation on his part, with a final attempt to force their collection from the wife of Rowland J. Beatty because she was financially able to pay them. While the rule laid down in Wilson v. Loomis, *supra,* which governed the Master in his findings, justly holds that, under the act of 1861, a married woman who engaged in general trading, with her husband as managing agent contributing his time, skill and labor to the management of the business, cannot enjoy the capital and proceeds derived from this business and keep the same free from payment of her husband's debts, in the case at bar the evidence does not disclose that there was any skill or labor employed or used by Rowland J. Beatty in creating an increase in the funds which belonged to his wife, but the accumulation was due entirely to the increase in value of the real estate so purchased with her funds, and the rule laid down in Wilson v. Loomis has no application. The controversy here involved is determined in Alsdurf v. Williams, 196 Ill. 244, where it is held that where a wife furnishes funds with which to purchase

76　　　　Appellate Courts of Illinois.

Hoxsey v. St. Louis & Springfield Ry. Co., 171 Ill. App. 76.

real estate and profit is made therein and invested in other real estate and so continued, the accumulations and profits of the investment of such funds become her sole and separate property and are not liable for the payment of her husband's debts.

The allegations of fraud and conspiracy in this bill are not supported by any evidence in the record and the chancellor correctly entered a decree sustaining the exceptions of Eleanor F. Beatty, finding the issues for her, and dismissing the bill for want of equity, at the cost of the trustee in bankruptcy, to be paid in due course; and the decree is affirmed.

*Decree affirmed.*